11VICTORY, J., concurring.
I agree with the majority’s opinion in this case. However, I write separately to express my concerns regarding the constitutionality of article 1138 of the Louisiana Children’s Code, more particularly, the equal protection issue it raises by demanding proof of fitness by an unwed father and not from an unwed mother.
Article 1138 requires the alleged or adjudicated father to establish his parental rights by proving that he has manifested a substantial commitment to his parental responsibilities and that he is a fit parent. Yet, nowhere in the Louisiana Children’s Code is the unwed mother required to prove that she is a fit parent to prevent the adoption of her child if the father chooses to give up his child for adoption. She only has to withhold her consent. This disparity is unfair and appears on its face to violate the equal protection clause of the United States Constitution.
The United States Supreme Court has not decided whether such a scheme violates the equal protection clause when applied to a newborn child, but has indicated that it does. In Caban v. Mohammed, 441 *63 L.Ed.2d 297 U.S. 380, 99 S.Ct. 1760, 60 (1979), a New York statute gave unwed mothers authority to block adoptions by withholding consent, but did not give the unwed father similar control. The unwed father could only prevent the termination of his rights by showing' that the best interests of the child would not permit the child’s adoption by the petitioning couple. In holding the statute unconstitutional, the Supreme Court stated that the statute treated unwed parents | ^differently according to their gender. It noted that the distinction between unwed mothers and unwed fathers was substantially related to the State’s interest in promoting the adoption of illegitimate children. However, the distinction must be reasonably structured to achieve those ends. Although the Court, in dicta, stated that “[i]n those cases where the father never has come forward to participate in the rearing of his child, nothing in the Equal Protection Clause precludes the State from withholding him the privilege of vetoing the adoption of that child,” in the context of the case, the Court was referring to the adoption of older children[1], not the adoption of newborn children. In the case of older children, the father has had an opportunity to participate in the rearing of his child.
After Caban, the Supreme Court held that when one parent has established a relationship with a child and the other parent has either abandoned the child or has never established a relationship, the equal protection clause does not prevent a state from giving the two parents different legal rights. Lehr v. Robertson, 463 U.S. 248, 103 S.Ct. 2985, 77 L.Ed.2d 614 (1983). However, this case also involved a father that had had an opportunity to develop a relationship with his older child, not a newborn.[2]
Therefore, in situations involving the adoption of older children, the Supreme Court has established two teachings regarding statutes giving unwed fathers different legal rights from unwed mothers. Caban teaches that if both unwed parents have established a relationship with the child, they have to be treated the same. Lehr teaches that if one parent has established a relationship with the child and the other has not, they do not have to be treated the same.
Our statute is analogous to the statute at issue in Caban. Pursuant to article | a1138, an unwed father, even one having a relationship with that child since birth, must prove not only that he has manifested a substantial commitment to his parental responsibilities but also that he is a fit parent to prevent the adoption of his child, whereas, the unwed mother in Louisiana only has to withhold her consent and is not required to prove her fitness. Our Children’s Code does not even provide for a hearing on the mother’s commitment to the child or her fitness.
In my view, an unwed father who desires to raise his child should be presumed to be a fit parent to raise his child, as an unwed mother is, and should not have to fight a proposed adoptive parent for the right to raise his biological child merely because the mother chooses to give up her parental-rights.
The instant case provides a good example of the disparity. If the unwed mother had chosen to keep the child and the father had chosen to give up his parental rights, there would be no hearing on her substantial commitment to raise her child and whether or not she was a fit parent. She simply would keep the child and raise it. But because of article 1138, the father who wanted to raise his child when the mother chooses to give up her parental rights has been forced to come into court to not only to prove his commitment to parental responsibilities, but also his fit *64 ness as a parent in a fight against the proposed adoptive parent.

. The children in Caban were 7 and 5 at the time the petition for adoption was filed by their stepfather. The unwed father had been involved in their lives since their birth.

. The child at issue in Lehr was 2 years old at the time of the adoption.